# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY SABEDRA, #395270, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1931-K |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
|     Defendant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* complaint brought by a state inmate pursuant to 42 U.S.C. § 1983. Along with his petition, Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Coffield Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Defendant is the Social Security Administration. The court has not issued process in this case pending preliminary screening.

Statement of Case: Plaintiff filed this action requesting the court to reverse a 2005 ruling of the Social Security Administration denying him disability benefits. He merely states: "I want to cash my disability checks."

Findings and Conclusions: Plaintiff has a long history of filing vexatious prisoner

complaints, habeas corpus petitions, and appeals in the federal courts. A recent search on the U.S. Party/Case Index reflected a total of 73 prisoner cases filed by Plaintiff. His vexatious filings have led to the imposition of three-strike bars under 28 U.S.C. § 1915(g) in civil rights cases, and the imposition of numerous sanctions in habeas cases, as well as, combined habeas and civil rights cases, in both the Northern and Southern Districts of Texas and the United States Court of Appeals for the Fifth Circuit. *See Sabedra v. Johnson*, No. 01-40138 (5th Cir. Apr. 12, 2001) (barred from filing complaints pursuant to 28 U.S.C. § 1915(g) unless he is under imminent danger of serious physical injury); *Sabedra v. State of Texas*, 3:01cv0944-D (N.D. Tex. Dec. 18, 2001) (dismissing combined habeas and civil rights case in part as malicious under 28 U.S.C. § 1915(e) and in part under § 1915(g); barring Sabedra from filing any complaints unless he obtains leave of court; and requiring that Sabedra pay a $100 sanction before the clerk of this court may accept any additional complaint from him, including a complaint for which he has tendered the filing fee); *Sabedra v. Meadows*, 3:05cv1304-L (N.D. Tex. May 31, 2006) (dismissing habeas petition for failing to comply with sanction imposed in *Sabedra v. Cockrell*, No. 3:01cv0961-X (N.D. Tex.); prohibiting Sabedra from filing any civil action, including a habeas action, in federal court unless he has obtained leave of court through a proper motion for leave, and has provided proof that he has paid all monetary sanctions imposed against him; and extending sanction to removed cases); *Sabedra v. Quarterman*, 4:07cv3422 (S.D. Tex. Oct. 31, 2007) (dismissing habeas corpus petition because of the sanctions previously imposed against Sabedra, and ordering clerk not to accept for filing any pleadings or open any new civil actions unless Sabedra present a signed order from a judge authorizing the filing of the pleading or civil action); *Sabedra v. Quarterman*, 4:08cv1747 (S.D. Tex. Jul. 24, 2008) (sanctioned in the amount

of $300.00; barred from filing any civil action, including any habeas petition or other pleading in this district; clerk ordered not to accept for filing any pleadings or open any new civil actions unless Sabedra present a signed order from a judge authorizing the filing of the pleading or civil action).

In this case, Sabedra has clearly failed to comply with the sanction/preclusion orders entered by this court. *See* Nos. 3:01cv0944-D and 3:05cv1304-L *supra*. His contention that he is under imminent danger of serious physical injury (*see* Complaint at 4) is wholly unsubstantiated and patently frivolous. Specifically, the withholding of social security benefits does not constitute conduct which places a person under imminent threat of serious physical injury.[1] Moreover, a claim of imminent danger does not exempt him from the requirement in this court's sanction/preclusion orders that he must seek leave of court through a proper motion for leave, and provide proof that he has paid all monetary sanctions imposed against him. *See* Nos. 3:01cv0944-D and 3:05cv1304-L *supra*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court find that the court's sanction/preclusion orders bar Sabedra from filing the instant complaint, and that the court has not otherwise ordered that such sanctions be removed. It is further recommended that the Court direct the District Court Clerk to unfile the pleadings in this case, docket the pleadings for administrative purposes only, and close the case.

---

[1] Sabedra is placed on notice that pursuant to 20 CFR §§ 416.1325 and 416.1335 social security payments are suspended while an individual is incarcerated, and that after twelve months of continuous suspension, benefits are terminated. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008); *DeChirico v. Callahan*, 134 F.3d 1177, 1179 (2nd Cir. 1998).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 25th day of November, 2008.

                                          /s/ Wm. F. Sanderson, Jr.
                                          WM. F. SANDERSON, JR.
                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.